UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

ROYAL INDIAN RAJ
INTERNATIONAL CORPORATION,
a Nevada corporation,

           Plaintiff,

- against -

DOMAINS BY PROXY, INC.,
 an Arizona corporation,
WESTHOST INC.,
 a Utah corporation,
BILL ZACK,
 a Georgia resident,
and
JOHN DOES 1-10, being fictitious names,
the true names of certain persons being unknown,

           Defendants.

08-CV-03445 (JGK)

**REPLY CERTIFICATION**

MATTHEW DAVID BROZIK states as follows:

1. I am a member of the Bar of this court and associated with Einbinder & Dunn, LLP, counsel to the plaintiff herein. I am fully familiar with the facts and circumstances of this matter.

2. I submit this Certification in further support of the plaintiff's application for a preliminary injunction.

3. As an initial matter, because defendant Zack has offered no memorandum of law in opposition to the application of the plaintiff, it would appear that Mr. Zack does not dispute the plaintiff's position regarding the applicable law.

4. Mr. Zack, to the extent that he offers any opposition at all to the plaintiff's application, does so in the form of his "Response to Plaintiff's Motion for Preliminary Injunction." This "Response" purports to invoke the "accompanying affidavits of Mike Mallette,

Don Sweet and Bonnie Jessen," but the "affidavit" of Mr. Mallette is rather an unsigned, unnotarized letter; the "affidavit" of Mr. Sweet is likewise an unsigned and unnotarized letter; and the "affidavit" of Ms. Jessen is a signed, but not notarized, letter. Accordingly, none of these may properly be considered by the court. Moreover, none of these addresses the facts at issue on the plaintiff's application. Instead, each betrays its author's sympathy and complicity with Mr. Zack, but does not offer any excuse for the acts of the defendant.

5. Mr. Zack himself reveals his driving motivation in the first of his "Response": *to force [RIRIC] to deliver on its promises to investors and customers*. Unfortunately, Mr. Zack has only forced RIRIC to spend considerable time and money repairing the damage resulting from his actions, including but not limited to the posting of content on **royalindianscam.com.** It is curious that Mr. Zack would state that "there is no malice in [his] efforts," when the content of the Web site at issue—starting with its very name—belies such a statement.

6. While Mr. Zack might seek to be lauded for removing from the Web site content that he, as sole arbiter, deemed "sarcastic," nonetheless the content that remained, inasmuch as it was posted with a reckless disregard for its truth or falsity, constitutes injurious falsehood and a tortious interference with the plaintiff's prospective contractual relations.

7. Mr. Zack is apparently unhappy and would like to hurt RIRIC. To that end, he has created and spread word of **royalindianscam.com**. And hurt RIRIC he has. Accordingly, this court should issue a preliminary injunction enjoining defendant Bill Zack and John Does 1-10 from publishing—on the Web site **royalindianscam.com**, elsewhere on the Internet, or otherwise—such material as is injuriously false and/or that tortiously interferes with the

plaintiff's prospective contractual relations, and granting such other relief as this court deems proper

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 12th day of May 2008.

_____
Matthew David Brozik (MB-6026)