UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL INDIAN RAJ<br>INTERNATIONAL CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>BILL ZACK,<br><br>     Defendant. | 08-cv-03445 |

**SUPPLEMENT TO DEFENDANT'S OPPOSITION TO
REQUEST FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................... ii

INTRODUCTORY STATEMENT........................................ 1

FACTS........................................................ 2

ARGUMENT..................................................... 4

    THE PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS OF ITS
    CLAIMS .................................................. 5

        The Plaintiff Is Not Likely To Succeed On Its
        Injurious Falsehood Claim ........................... 5

        The Plaintiff Is Not Likely To Prevail On The Merits
        Of Its Claim For Tortious Interference With
        Prospective Contractual Relations ................... 8

    THE INJUNCTIVE RELIEF THE PLAINTIFF SEEKS WOULD BE A
    VIOLATION OF THE DEFENDANT'S FIRST AMENDMENT RIGHTS ...... 9

CONCLUSION.................................................. 10

**TABLE OF AUTHORITIES**

**Cases**

Berwick v. New World Network Intern, Ltd.,
    2007 W.L. 949767 (S.D.N.Y.) .............................. 8

Bronx Household of Faith v. Board of Education,
    331 F.3d 342 (2nd Cir. 2003) ............................. 4

Carvel Corp. v. Noonan, 350 F.3d 6 (2nd Cir. 2003) ........... 8

Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,
    75 F.Supp.2d 235 (S.D.N.Y. 1999) ......................... 5

Hammer v. Trendl, 2002 W.L. 32059751 (E.D.N.Y.)........... 4, 10

Henneberry v. Sumitomo Corp. of America,
    415 F.Supp.2d 423 (S.D.N.Y. 2006) ........................ 5

Konigsberg v. Time, Inc., 288 F.Supp 989 (S.D.N.Y. 1968)..... 10

Medical Society of the State of New York v. Toia,
    560 F.2d 535 (2nd Cir. 1977) ............................. 4

Metropolitan Opera Association, Inc. v. Local 100,
    239 F.3d 172 (2nd Cir. 2001) ............................. 9

Nebraska Press Association v. Stuart, 427 U.S. 539 (1976)..... 9

Organization for a Better Austin v. Keefe,
    402 U.S. 415 (1971) ...................................... 9

Zikakis v. Staubach Retail Services, Inc.,
    04 Civ. 9609, 2005 W.L. 2347852 at *4
    (S.D.N.Y. Sept. 26, 2005) ................................ 8

I.     **<u>INTRODUCTORY STATEMENT</u>**.

Over the past nine years, the plaintiff has convinced investors to part with millions of dollars by making such assertions as (a) it was developing a three billion dollar land development in India; (b) it owned outright as many as 10,000 acres of land in India for that development; (c) it was on the verge of becoming a publicly traded company, thereby creating liquid assets for its investors; (d) it had access to hundreds of millions of dollars in credit. However, the plaintiff has yet to actually develop a single acre in India. By the plaintiff's principal's own admission, it owns less than 300 acres of land in India. It does not have access to hundreds of millions of dollars of credit. It has not become a publicly traded company. William Zack has, in an effort to inform the public, properly and truthfully brought to light facts of which the public should be aware and that the plaintiff is failing to disclose. There is nothing false or untrue stated on Mr. Zack's website. The plaintiff is not likely to succeed on its claim of injurious falsehood as Mr. Zack's statements are true and therefore no injunctive relief should issue.

The plaintiff's tortious interference claim is not appropriate for the facts of this case. The plaintiff has not demonstrated that Mr. Zack was aware of any business relationship or that those business relationships have been lost

1

as a result of any conduct on the part of Mr. Zack. The plaintiff is not likely to succeed on this claim, and accordingly no injunctive relief should issue.

Finally, Mr. Zack's freedom of expression is protected under the First Amendment. His characterizations of the plaintiff's activities are well supported by fact. To issue the injunction the plaintiff requests would be a violation of Mr. Zack's right to free expression. Accordingly, no injunctive relief should issue.

II. **FACTS**.

The following facts are set forth in the Affidavit of William Zack, which is hereby incorporated by reference. The plaintiff ("RIRIC") is a Canadian-based company run by the father and son team of Collins and Manoj Benjamin. Manoj Benjamin, while failing to disclose his long history of bankruptcy, fraud and failed businesses, convinced Mr. Zack to become an investor in the company. Over time, Mr. Zack invested over $250,000 in RIRIC. He also loaned the company over $100,000 that is due, but that has not been repaid. Zack Affidavit at ¶¶1-6.

RIRIC has, for many years, been luring investors with promises of building a $3-billion "new city" in India. Zack Affidavit, Exhibit H. At various times, RIRIC has claimed to "clear title" to 1,000 acres, 3,000 acres, 13,000 acres or

10,000 acres of land in India. See Zack Affidavit at ¶¶10.D., F., G., H. Mr. Zack's research indicates that RIRIC is in fact the registered owner of only 17 acres of land in India. Zack Affidavit at ¶12. Even according to the affidavit of Manoj Benjamin:

> RIR is the registered owner of more than 17 acres of land[1] and owns another approximately 250 acres of land that has not yet been recorded in the Indian land registry because it takes months to formally transfer title in India. RIR has the right to acquire about 1,500 more acres of land which it is currently in the process of exercising those rights.

Benjamin Affidavit at 6. Even if Mr. Benjamin's assertions are true, it is clear that RIRIC, by its own admission, owns very substantially less than 1,000 acres, 3,000 acres, 13,000 acres or 10,000 acres of land in India as it has been representing.

RIRIC has been repeatedly claiming that it has obtained commitments for financing in varying amounts, including $500-million in October of 2002 (Zack Affidavit at ¶10.E.); an undetermined amount in 2006 (Zack Affidavit at ¶10.L.); and $300-million in 2005 (Zack Affidavit at ¶13). However, it appears the company has yet to access any of this money. See Benjamin Affidavit at 12(c).

---

[1] Apparently, "more than 17 acres of land" means somewhere in the area of 20 acres of land. See Plaintiff's Memorandum at 4.

3

RIRIC has repeatedly promised it would become "liquid" to pay returns on investments by going public. <u>See</u> Zack Affidavit at ¶¶10.A., J., L., R. This has yet to occur.

To make the public aware of these and other false assertions, Mr. Zack created the website <u>royalindianscam.com</u>. In it, he spells out the various misleading and false statements made by RIRIC over the years. He did so in the hope that other potential investors would not suffer the same fate as he did or at least enable them to make fully educated choices. Zack Affidavit at ¶7.

### III. <u>ARGUMENT</u>.

Preliminary injunctive relief is "an extraordinary and drastic remedy which should not be routinely granted." <u>Medical Society of the State of New York v. Toia</u>, 560 F.2d 535, 538 (2nd Cir. 1977). This is especially true with respect to an injunction that would curtail freedom of expression. <u>See generally</u> <u>Hammer v. Trendl</u>, 2002 W.L. 32059751 (E.D.N.Y.). To obtain a preliminary injunction, a party must show: (1) that it will be irreparably harmed if an injunction is not granted; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor. <u>Bronx Household of Faith v. Board of Education</u>, 331 F.3d 342, 348-49 (2nd Cir. 2003).

4

## A.    THE PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS OF ITS CLAIMS.

The plaintiff brings two claims against the defendant: a claim of injurious falsehood and a claim of intentional interference. The plaintiff is not likely to succeed on the merits of its injurious falsehood statements as the defendant has not said anything untrue. The plaintiff cannot demonstrate facts sufficient to state a claim for intentional interference. The plaintiff is not likely to succeed on either of its claims and no injunction should issue.

### i.    The Plaintiff Is Not Likely To Succeed On Its Injurious Falsehood Claim.

Under New York law, the elements of injurious falsehood are "(1) the falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages." Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 75 F.Supp.2d 235, 239 (S.D.N.Y. 1999). It is a separate and distinct tort and specifically requires the claimant to plead and prove special damages. Henneberry v. Sumitomo Corp. of America, 415 F.Supp.2d 423, 470-71 (S.D.N.Y. 2006).

Mr. Zack's website speaks the truth. It states that the plaintiff has made false statements about the amount of land it owns in India. The plaintiff's own submissions demonstrate that this is the case. Compare Benjamin Affidavit at 6 ¶G (indicating RIRIC owns less than 300 acres of land) to Exhibit A

5

(page 21) ("India Daily" article stating RIRIC's website "says RIRIC already holds over 10,000 acres of <u>clear titled</u> land in Bangalore and New Delhi) (emphasis added). It is impossible to see how Mr. Zack's claims on his website that RIRIC is misrepresenting the amount of land it owns in India are anything but true, when such a claim is supported by Mr. Benjamin's own affidavit. Additionally, Mr. Zack's Affidavit gives numerous examples of RIRIC's false statements concerning ownership of land in newspaper articles and the company's website.

Mr. Zack's website states that RIRIC has made false promises to investors about "going public". RIRIC claims this did not occur. However, the documentary evidence annexed to Mr. Zack's Affidavit, including statements of investors to whom this promise was made, demonstrates that RIRIC has in fact, for years, been promising to go public yet this never occurs. There is nothing false about Mr. Zack's statements in this regard.

In the website, Mr. Zack criticizes the announcement of an agreement between RIRIC and Choice Hotels. Such criticism is entirely warranted, and not false, given RIRIC's documented history of false statements with respect to land development, land ownership, access to credit and other issues. Mr. Zack's criticism is entirely appropriate and true where RIRIC has been claiming the development of a 3 billion dollar project for years without having developed a single acre.

6

Mr. Zack's website criticizes RIRIC for not holding funds advanced for the purchase of undeveloped land in India in escrow. These funds have in fact now been placed in escrow, as acknowledged in Mr. Benjamin's Affidavit. Therefore, Mr. Zack's statements are true. Moreover, his criticism is well founded. Mr. Benjamin states, under oath, that "RIRIC does not advise purchasers of Royal Garden Villas project that the funds they pay will be held in trust or mislead them in any other way". Benjamin Affidavit at 5 (¶F). However, in a press release dated September, 2006, RIRIC specifically states "we have received an overwhelming response and sales are moving briskly, with close to 25% of phase 1 sold out **with deposits received in trust**". See Zack Affidavit at Exhibit K (emphasis added). Accordingly, RIRIC is specifically informing the public that it is holding this purchase money in trust and it is now acknowledging that it in fact is not. There is nothing improper or untrue about Mr. Zack's statements criticizing RIRIC's failure to escrow funds.

Mr. Zack's website criticizes RIRIC for misleading the public about access to lines of credit. There is nothing untrue in this criticism. RIRIC has in fact published statements clearly designed to lead the public to believe it had immediate access to hundreds of millions of dollars in credit when it in fact had not.

In short, it is overwhelmingly obvious that RIRIC will not be able to demonstrate that Mr. Zack has made any false statements about the RIRIC. The plaintiff is not likely to succeed on the merits and its request for preliminary injunction should be denied.

### ii. The Plaintiff Is Not Likely To Prevail On The Merits Of Its Claim For Tortious Interference With Prospective Contractual Relations.

To state a claim for tortious interference with prospective contractual relations, a claimant must demonstrate (1) that they had a business relationship with the third party; (2) that the defendants knew of that relationship and intentionally interfered with it; (3) that the defendants either acted solely out of malice or used wrongful means; and (4) that the defendants' interference caused injury to the relationship with the third party. Berwick v. New World Network Intern, Ltd., 2007 W.L. 949767 (S.D.N.Y.) (citing Zikakis v. Staubach Retail Services, Inc., 04 Civ. 9609, 2005 W.L. 2347852 at *4 (S.D.N.Y. Sept. 26, 2005); and Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2nd Cir. 2003)).

This claim is entirely inapplicable to the facts of this case. The plaintiff has not, and cannot show even on a preliminary basis that Mr. Zack knew of any specific prospective relationship that RIRIC had. The plaintiff has not, and cannot show that any acts on the part of Mr. Zack have caused

8

interference with any prospective or existing contractual relationship. Moreover, as discussed in greater detail above, the plaintiff has not and cannot show that Mr. Zack has engaged in "wrongful" conduct – he has simply stated in a public forum what is in fact true. The plaintiff is not likely to succeed on its claim for interference with prospective contractual relations and its request for preliminary injunction should be denied.

    **B.**    <u>**THE INJUNCTIVE RELIEF THE PLAINTIFF SEEKS WOULD BE A VIOLATION OF THE DEFENDANT'S FIRST AMENDMENT RIGHTS**</u>**.**

The plaintiff seeks what amounts to a restraint of Mr. Zack's freedom of expression. A "prior restraint on expression comes. . .with a heavy presumption against its constitutional validity" <u>Organization for a Better Austin v. Keefe</u>, 402 U.S. 415, 419 (1971) (internal quotation marks and citation omitted), and is "the most serious and least tolerable infringement on First Amendment rights." <u>Nebraska Press Association v. Stuart</u>, 427 U.S. 539, 559 (1976). "When a prior restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases." <u>Metropolitan Opera Association, Inc. v. Local 100</u>, 239 F.3d 172, 176 (2nd Cir. 2001). "A court of equity will not, except in special circumstances, issue an injunctive order restraining libel or slander or otherwise restricting free speech. To

9

enjoin any publication, no matter how libelous, would be repugnant of the First Amendment of the Constitution and to historical principles of equity." Konigsberg v. Time, Inc., 288 F.Supp 989 (S.D.N.Y. 1968). See generally Hammer v. Trendl, 2002 W.L. 32059751 (E.D.N.Y.).

Here, the plaintiff cannot prove that anything Mr. Zack is saying is in fact false. However, even were that not the case, the facts before the Court demonstrate that the circumstances of this case in no way warrant an improper restraint on Mr. Zack expression of free speech. The plaintiff's motion for an injunction should be denied.

**IV. CONCLUSION.**

For the foregoing reasons, your defendant respectfully requests this Honorable Court deny the plaintiff's request for preliminary relief.

                                  Respectfully submitted

                                  BILL ZACK
                                By and through his Attorneys,
                                OSTRAGER CHONG FLAHERTY &
                                BROITMAN, P.C.

Date: May 15, 2008          By:  /s/ Joshua S. Broitman
                                         Joshua S. Broitman (JSB-4644)
                                         570 Lexington Avenue
                                         New York, New York 10022-6894
                                         Tel. No. (212) 681-0600
                                         Fax. No. (212) 681-0300

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been forwarded this 15th day of May, 2008 to Matthew David Brozik, Esquire.

                                                /s/ Joshua S. Broitman
                                                Joshua S. Broitman (JSB-4644)