UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYAL INDIAN RAJ
INTERNATIONAL CORPORATION,

                    Plaintiff,

          v.                                    08-cv-03445

DOMAINS BY PROXY, INC.,              Hon. John G. Koeltl
WESTHOST, INC,.
BILL ZACK,
ANN ZACK,
DIRECT  INFORMATION  PVT  LTD.
(d/b/a DIRECTI)
PIRADIUS NET, and
JOHN DOES 1-7

                    Defendants

**MEMORANDUM OF LAW
IN SUPPORT OF ANN ZACK'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2)**

## TABLE OF CONTENTS

INTRODUCTION.................................................3

STATEMENT OF FACTS..........................................3

SUMMARY OF ARGUMENT.........................................5

LEGAL STANDARD..............................................7

ARGUMENT....................................................7

    I.   General Personal Jurisdiction in New York.............7

    II.  Specific Personal Jurisdiction in New York............9

        a. Statutory Analysis................................ 10

        b. Constitutional Analysis...........................18

CONCLUSION.................................................21

## INTRODUCTION

NOW COMES the defendant, Ann Zack, by and through her attorneys, Cleveland, Waters and Bass, P.A., and hereby submits the within Memorandum of Law in Support of her Motion to Dismiss, and in support thereof states as follows:

The plaintiff has recently filed its Amended Complaint, seeking to add Bill Zack's wife, Ann Zack, as a defendant. In its Amended Complaint, the plaintiff alleges three claims against the defendants, including Mrs. Zack: 1) Injurious Falsehood; 2) Defamation by Implication; and 3) Interference with Contracts. The plaintiff's Complaint should be dismissed as to Ann Zack pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over Mrs. Zack. Even if the plaintiff's allegations against Mrs. Zack are accepted as true by this Court, the plaintiff fails to make a prima facie case demonstrating that jurisdiction exists. Therefore, Mrs. Zack's Motion to Dismiss should be granted by this Court.

## STATEMENT OF FACTS

The affidavit of Ann Zack is attached hereto as Exhibit A and is incorporated herein by reference. The defendant, Ann Zack, is the lawful wife of the defendant, William Zack. Zack Affidavit ¶ 2. Mrs. Zack is a resident of Jasper, Georgia. Zack Affidavit ¶ 1. William Zack invested or loaned approximately $250,000 in/to the plaintiff, Royal Indian Raj

3

International Corporation ("RIRIC"). Zack Affidavit ¶ 3. According to the plaintiff's Amended Complaint, RIRIC is a corporation duly existing under and by virtue of the laws of the State of Nevada, with a principal place of business at Suite 610, 375 Water Street, Vancouver BC, Canada.

At some point after William Zack invested his money with RIRIC, he informed Mrs. Zack that he may create a website (the "Website") to describe the things about RIRIC he believed were false and misleading. Zack Affidavit ¶ 4. Mrs. Zack did not create the Website. Zack Affidavit ¶ 5. Mrs. Zack does not know how to create any type of website. Zack Affidavit ¶ 6. Mrs. Zack has never added any information or articles to the Website allegedly created by William Zack. Zack Affidavit ¶ 7.

Mrs. Zack was last in New York in 2003, when she went for three days with her family to enjoy New York's Christmas lights and decorations. Zack Affidavit ¶ 8. Prior to that, she visited New York somewhere around 1998 when she stayed for a few days to see the sights. Zack Affidavit ¶ 9. Mrs. Zack has been to New York approximately six times her entire life, and her last visit was several years before this lawsuit commenced. Zack Affidavit ¶ 10.

Mrs. Zack does not maintain any property or offices in New York. Zack Affidavit ¶ 11. To her knowledge, she does not maintain any bank accounts in New York. Zack Affidavit ¶ 12.

4

She does not employ any individuals or agents in New York. Zack Affidavit ¶ 13. She does not solicit business, either regularly or sporadically, in New York. Zack Affidavit ¶ 14. She does not recall ever telephoning any individuals or businesses in New York and she does not recall ever sending U.S. mail or e-mail to individuals or businesses in New York. Zack Affidavit ¶ 15.

On July 7, 2008, the plaintiffs amended their complaint and named Mrs. Zack as a defendant in this matter.

## SUMMARY OF ARGUMENT

A plaintiff must make a prima facie case showing that jurisdiction exists in order to survive a motion to dismiss. Here, Royal Indian has failed to state or make a case illustrating that Mrs. Zack is subject to the personal jurisdiction of this Court. Even if this Court accepts Royal Indian's allegations as true, it still has failed to prove jurisdiction exists over Mrs. Zack.

A non-domiciliary defendant is amenable to suit in New York courts if it has engaged in such a continuous and systematic course of doing business there that a finding of its presence in the jurisdiction is warranted. The Court must look to the totality of Mrs. Zack's activities within New York to determine whether she has transacted business in such a way that it constitutes purposeful activity. New York courts have concluded that the posting of defamatory material on a website accessible

in New York does not, without more, constitute "transacting business" in New York for the purposes of New York's long-arm statute. The mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum.

Under the Due Process clause of the Fourteenth Amendment, where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, 1) the defendant must have purposefully directed its activities to residents of the forum state, 2) the litigation must result from the alleged injuries that "arise out of or relate to" those activities, and 3) the exercise of jurisdiction would comport with "fair play and substantial justice."

In the case at hand, Mrs. Zack has not engaged in any sort of continuous or systematic course of doing business with the State of New York.  Not only did Mrs. Zack not physically initiate, register or operate the alleged website, the posting of allegedly defamatory material on a website accessible in New York does not, without more, constitute "transacting business" in New York for the purposes of New York's long-arm statute. Moreover, subjecting Mrs. Zack to the jurisdiction of this Court is in violation of her Constitutional rights under the Due Process Clause of the Fourteenth Amendment.  The imposition of

jurisdiction would not comport with "fair play and substantial justice."

## **LEGAL STANDARD**

"The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir.2006). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie case showing that jurisdiction exists. Lipin v. Bergquist, 2008 WL 4006757 (S.D.N.Y.) quoting Ashcroft, 470 F.3d at 495. When determining whether the plaintiff has made a sufficient showing regarding jurisdiction, the Court must accept the plaintiff's factual allegations as true. Bergquist,2008 WL 4006757.

If the Court determines that it has personal jurisdiction over the defendant, it must then determine whether asserting jurisdiction would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution. Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007).

## **ARGUMENT**

### I.  **General Personal Jurisdiction in New York**

New York State provides for both general and specific personal jurisdiction. Realuyo v. Villa Abrille, 2003 WL 21537754 (S.D.N.Y.). The general provision, found in New York

Civil Practice Law and Rules ("35 N.Y. C.P.L.R.") § 301, empowers a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." The New York Court of Appeals has concluded this provision to mean that a non-domiciliary defendant is amenable to suit in New York courts under 35 N.Y. C.P.L.R. § 301 if it has engaged in such a continuous and systematic course of doing business there that a finding of its presence in the jurisdiction is warranted. Realuyo, 2003 WL 21537754 *3.

Factors to consider in a "doing business" inquiry include whether the defendant maintains offices and bank accounts, employs agents, and regularly solicits business in New York State. Id. "As for 'presence,' the non-domiciliary must be present in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Id., quoting Tauza v. Susequehanna Coal Co., 115 N.E. 915, 917 (N.Y. 1917).

The defendant, Ann Zack, is a resident of Georgia. Zack Affidavit ¶ 1. She was last in New York in 2003, when she went for three days with her family to enjoy New York's Christmas lights and decorations. Zack Affidavit ¶ 8. Prior to that, she visited New York somewhere around 1998 when she stayed for a few days to see the sites. Zack Affidavit ¶ 9. Mrs. Zack has been to New York approximately six times her entire life, and her

last visit was several years before this lawsuit commenced. Zack Affidavit ¶ 10.

Mrs. Zack does not maintain any property or offices in New York. Zack Affidavit ¶ 11. To her knowledge, she does not maintain any bank accounts in New York. Zack Affidavit ¶ 12. She does not employ any individuals or agents in New York. Zack Affidavit ¶ 13. She does not solicit business, either regularly or sporadically, in New York. Zack Affidavit ¶ 14. She does not recall ever telephoning any individuals or businesses in New York and she does not recall ever sending U.S. mail or e-mail to individuals or businesses in New York. Zack Affidavit ¶ 15. Therefore, she has not engaged in any type of systematic and/or continuous course of doing business in New York that would warrant a finding of jurisdiction over Mrs. Zack.

## II. __Specific Personal Jurisdiction in New York__

In determining whether this Court maintains personal jurisdiction over Mrs. Zack, "there is but one inquiry as to specific personal jurisdiction over the out-of-state defendant: whether the defendant has sufficient contacts with the forum state to satisfy the requirements of due process." Walker, 490 F.3d at 244. Because the reach of New York's long-arm statute does not coincide with the limits of the Due Process Clause, analysis under it therefore involves two separate inquiries, one statutory and one constitutional. Id.

a.  **Statutory Analysis**

The New York long-arm statute (35 N.Y. C.P.L.R. §302(a)) provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domicilliary, or his executor or administrator, who in person or through an agent: 1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or 3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4) owns, uses or possesses any real property situated within the state.

It is important to note that sections 302(a)(2) and (3) explicitly exempt causes of action for the tort of defamation from their scope, whether or not such jurisdiction would be consistent with due process protection.  Walker, 490 F.3d at 244-245.  Therefore, these defamation exceptions create a gap between the jurisdiction conferred by the New York statute and the full extent of jurisdiction permissible under the federal Constitution.  Id. at 245.  It is apparent the legislature

intended to avoid unnecessary inhibitions on freedom of speech or the press, as "[t]hese important civil liberties are entitled to special protections lest procedural burdens shackle them." Id.

To determine the existence of jurisdiction under section 302(a)(1), this Court must decide: 1) whether Mrs. Zack "transacts any business" in New York and, if so, 2) whether the plaintiff's cause of action "arises from" such a business transaction. Deutsche Bank Sec., Inc. v. Montana Bd. Of Invs., 7 N.Y.2d 65, 71 (2006). The Court must look to the "totality of the defendant's activities within the forum" to determine whether a defendant has transacted business in such a way that it constitutes "purposeful activity" satisfying the first part of the test. Walker, 490 F.3d at 246.

As stated above, Ann Zack was last in New York in 2003, when she visited for a few days. Zack Affidavit ¶ 8. Prior to that, she went to New York somewhere around 1998 when she also stayed for just a few days. Zack Affidavit ¶ 9. Mrs. Zack has been to New York approximately six times her entire life, and her last visit was several years before this lawsuit commenced. Zack Affidavit ¶ 10.

Also as stated above, Mrs. Zack does not maintain any property or offices in New York. Zack Affidavit ¶ 11. To her knowledge, she does not maintain any bank accounts in New York.

Zack Affidavit ¶ 12.  She does not employ any individuals or agents in New York.  Zack Affidavit ¶ 13.  She does not solicit business, either regularly or sporadically, in New York.  Zack Affidavit ¶ 14.  She does not recall ever telephoning any individuals or businesses in New York and she does not recall ever sending U.S. mail or e-mail to individuals or businesses in New York.  Zack Affidavit ¶ 15.  Therefore the first part of the test under New York's law is not satisfied by the facts in Mrs. Zack's case.

As for the second part of the test, "[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."  Id., quoting Henderson v. INS, 157 F.3d 106, 123 (2d Cir. 1998).

New York courts define "transacting business" as purposeful activity–"some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Walker, 490 F.3d at 246, quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377 (1967). However, New York courts do not interpret "transacting business" to include mere defamatory utterances sent into the state.  Walker, 490 F.3d at 248.  Although section 302(a)(1) does not exclude defamation

from its coverage, New York courts construe the phrase "transacts any business within the state" more narrowly in defamation cases than they do in the context of other sorts of litigation. Id.

When the defamatory publication itself constitutes the alleged "transaction of business" for the purposes of section 302(a)(1), more than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it. Walker, 490 F.3d at 248 citing King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991). Consistent with this principle, New York courts have concluded that the posting of defamatory material on a website accessible in New York does not, without more, constitute "transacting business" in New York for the purposes of New York's long-arm statute. Walker, 490 F.3d at 250; see also Realuyo, 2003 WL 21537754 (S.D.N.Y.)(where this Court held that the availability of an article on a website, without more, does not amount to "transaction of business" for purposes of section 302(a)(1)); see also Starmedia Network, Inc. v. Star Media, Inc., 2001 WL 417118 (S.D.N.Y.) ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit"). In addition, to the extent that there are business transactions incident to establishing a website, a

13

defamation claim based on statements posted on a website does not "arise from" such transactions. <u>Walker</u>, 490 F.3d at 250-251.

In <u>Zippo Manufacturing Company v. Zippo Dot Com, Inc.</u>, 952 F.Supp. 1119 (W.D.Pa.1997),the Western District of Pennsylvania explained the spectrum of internet activity that many courts, including this Court, have since invoked in determining jurisdiction. At one end of the spectrum are situations where a defendant clearly does business over the Internet (<u>i.e.</u> entering into contracts with residents that require the knowing and repeated transmission of computer files over the Internet) where personal jurisdiction is proper. <u>Zippo</u>, 952 F.Supp. at 1124.

At the opposite end of the spectrum are situations where a defendant has simply posted information on an Internet website which is accessible to users in foreign jurisdictions. <u>Id</u>. "A passive [w]eb site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." <u>Id</u>. "The middle ground is occupied by interactive [w]eb sites where a user can exchange information with the host computer." <u>Id</u>. "In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [w]eb site." <u>Id</u>.

In <u>Lenahan Law Offices, LLC v. Hibbs</u>, 2004 WL 2966926 (W.D.N.Y.), the plaintiff argued that the defendant's website, which contained allegedly defamatory material about the plaintiff, fell into the "middle range" of the <u>Zippo</u> sliding scale because the website permitted the defendant to answer questions posted by users. The court rejected that argument, concluding that such low-level interactivity was insufficient to support jurisdiction. <u>Id</u>. "Absent an allegation that Hibbs is projecting himself into New York, this Court cannot exercise specific personal jurisdiction over him." <u>Id</u>. The court concluded that even if such interactivity could constitute "transacting business" under section 302(a)(1), the plaintiff failed to show that its cause of action arose from such transactions since the allegedly defamatory material was posted on a passive portion of the website. <u>Id</u>.

In <u>Walker</u>, the defendant was the proprietor of a website, "MovingScam.com" which he operated from his home in Iowa. The website provided consumer-related comments, most of them derogatory, about household movers in the United States. The defendant eventually posted statements about the plaintiff in multiple parts of the website. <u>Id</u>. at 241. The plaintiff initiated a lawsuit in this Court alleging the statements about it on the website were false, defamatory, and made with an intention to harm it. <u>Id</u>. This Court granted the defendant's

motion to dismiss and the Court of Appeals for the Second Circuit affirmed this Court's decision.

The Second Circuit sought to determine whether the conduct out of which the plaintiff's claim arose was a "transaction of business" under section 302(a)(1). "In other words, were [the defendant's] internet postings or other activities the kind of activity 'by which the defendant purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law,' and over which the New York legislature intended New York courts to have jurisdiction?" Walker, 490 F.3d at 253, quoting McKee, 20 N.Y.3d at 382.

The court noted that New York case law establishes that making defamatory statements outside of New York about New York residents does not, without more, provide a basis for jurisdiction, even when those statements are published in media accessible to New York readers. Id. The defendant's listing of the plaintiff on his website arose "solely from the aspect of the website from which anyone- in New York or throughout the world- could view and download the allegedly defamatory article." Walker, 490 F.3d at 253, quoting Realuyo, 2003 WL 21537754; see also McBee v. Delica Co., Ltd., 417 3d. 107, 124 (1st Cir.2005) ("[T]he mere existence of a website that is visible in a forum and that gives information about a company

and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum").

Moreover, the Second Circuit noted that the defendant's comments did not suggest that they were purposefully directed to New Yorkers rather than a nationwide audience. <u>Walker</u>, 490 F.3d at 253. Therefore, his comments did not establish that, for purposes of section 302(a)(1), he purposefully availed himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws. <u>Id</u>. Thus, the court concluded that posting allegedly defamatory comments on a website did not constitute transacting business under New York's long-arm statute. <u>Id</u>. at 254.

Mrs. Zack's actions in this matter are even more diminished than those demonstrated by the defendant in <u>Walker</u>. In <u>Walker</u>, the defendant knew what he was doing as he was the operator of his website and he allegedly input the material onto his website. Mrs. Zack heard her husband mention that he may start a website to warn people about the situation he was going through with the plaintiffs. Zack Affidavit ¶ 4. However, she did not initiate or operate the website; she did not input material onto the website to be seen by others; and she knew nothing about how to initiate a website. Zack Affidavit ¶¶ 5-7. The comments, articles and information published on the website were not directed by Mrs. Zack towards New Yorkers. She simply

did not avail herself to the laws and jurisdiction of this Court.

b.  **Constitutional Analysis**

Exercise of jurisdiction over a defendant is unconstitutional if it fails to comply with "traditional notions of fair play and substantial justice." Int'l Shoe v. State of Washington, 326 U.S. 310, 316 (1945). Under the Due Process clause of the Fourteenth Amendment, where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, 1) the defendant must have purposefully directed its activities to residents of the forum state, 2) the litigation must result from the alleged injuries that "arise out of or relate to" those activities, and 3) the exercise of jurisdiction would comport with "fair play and substantial justice." Burger King Corp., v. Rudzewicz, 471 U.S. 462, 472 (1985). Essentially, the crucial question is whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Id. at 475.

Factors regarding the fairness of asserting jurisdiction include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient

resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id. at 477.

In Realuyo, a plaintiff brought suit against the defendants alleging that one defendant wrote a newspaper article in which another defendant defamed the plaintiff and which the defendants published. One of the defendants was an internet news service that published news articles and other content on its website, including the allegedly defamatory article. Given the factors asserted in Burger King, this Court determined that exercising personal jurisdiction over the defendants in Realuyo would be unconstitutional. 2003 WL 21537754 *8.

This Court noted that New York had at most a minor interest in adjudicating the dispute. Id. at *9. None of the defendants were New York citizens, nor even of the United States. The claim itself involved an article published in a newspaper that did not reach the United States, transmitted to New York computers by a foreign corporation doing a negligible amount of business in the state. Id. While the plaintiff had an interest in obtaining convenient and effective relief, his convenience must be measured against the other fairness factors. Id. The shared states' interest in furthering substantive social policies did not come into play because if New York had little

interest, it could not be said that any other state had any more interest in adjudicating the dispute.  Id.

Furthermore, this Court stated that although the allegedly libelous article was published on a website available to readers in New York, this was insufficient to exercise jurisdiction over the defendants consistent with due process.  Id. at *10. "Something more than posting and accessibility is needed to indicate that the [defendants] purposefully (albeit electronically) directed their activity in a substantial way to the forum state."  Id.  This Court found that there was no prima facie showing that the defendants' posting was directed towards the potential New York audience, so as to defame the plaintiff in the forum state.  Id.  The defendant could not reasonably expect to be haled into New York based on the posting of an allegedly defamatory article.  Id.  Thus, even if this Court could have exercised personal jurisdiction over the defendants pursuant to New York law, doing so would have violated the constitutional need to be mindful of the traditional notions of fair play and substantial justice.  Id. at *11.

Mrs. Zack has not purposefully directed her activities to residents of New York; the current litigation does not result from the plaintiff's alleged injuries that "arise out of or relate to" those activities; and the exercise of jurisdiction by

this Court over Mrs. Zack would not comport with "fair play and substantial justice."

Mrs. Zack has not partaken in any activities to warrant her inclusion in this litigation. She had nothing to do with the initiation or operation of the website that allegedly defames the plaintiffs in this litigation. As stated above, she maintains no relationship with the state of New York sufficient to constitute "doing business" there. Even if she had operated the website and posted articles about the plaintiffs, this Court has held that something more than posting and accessibility is needed to indicate that Mrs. Zack purposefully directed her activity in a substantial way to New York. Thus, even if this Court could exercise personal jurisdiction over Mrs. Zack pursuant to New York law, Mrs. Zack could not reasonably expect to be haled into New York based on the posting of allegedly defamatory articles on a website. Therefore, this Court should not exercise jurisdiction over Mrs. Zack because doing so would violate the constitutional need to be mindful of the traditional notions of fair play and substantial justice.

## CONCLUSION

Based on lack of personal jurisdiction, this Court should dismiss the case against Mrs. Zack. This Court has no general personal jurisdiction over Mrs. Zack, nor does it have statutory or Constitutional specific jurisdiction over Mrs. Zack. To

impose jurisdiction over Mrs. Zack in the current litigation would fly in the face of New York's long-arm statute, this Court's recent decisions, and most importantly, Mrs. Zack's Constitutional rights.

Respectfully submitted

ANN ZACK
By and through her Attorneys,
CLEVELAND, WATERS AND BASS, P.A.


Date: <u>September 5, 2008</u>          By:  <u>/s/ William B. Pribis</u>
                                            William B. Pribis
                                            (NH Bar No. 11348)
                                            Two Capital Plaza
                                            P. O. Box 1137
                                            Concord, NH 03302-1137
                                            Tel. No. (603) 224-7761
                                            Fax. No. (603) 224-6457
                                            E-mail    pribisw@cwbpa.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been forwarded this 5th day of September, 2008 to Matthew David Brozik, Esquire.



                                            <u>/s/ William B. Pribis</u>
                                            William B. Pribis

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYAL INDIAN RAJ
INTERNATIONAL CORPORATION,

               Plaintiff,

       v.

DOMAINS BY PROXY, INC.,
WESTHOST, INC,.
BILL ZACK,
ANN ZACK,
DIRECT INFORMATION PVT LTD.
(d/b/a DIRECTI)
PIRADIUS NET, and
JOHN DOES 1-7

            Defendants

08-cv-03445

Hon. John G. Koeltl

AFFIDAVIT OF ANN ZACK

NOW COMES ANN ZACK and states and deposes as follows:

1. **My name** is Ann Zack. I am a resident of the State of Georgia.

2. **William Zack** is my lawful husband.

3. I believe my husband invested or loaned approximately $250,000 in/to Royal Indian Raj International Corporation ("RIRIC").

4. At some point after William Zack invested his money with RIRIC, he informed me that he may create a website to describe the things about RIRIC he believed were false and misleading.

5. I did not create or originate such website.

6. I do not know how to create any type of website.

7.    I did not add any information or articles to the website.

8.    I last visited New York in 2003, when I went with my family to enjoy New York's Christmas lights and decorations.

9.    Prior to 2003, I believe I was last in New York around 1998 when I stayed for a few days to sight see.

10.    I have been to the State of New York approximately six times in my entire life.  I am currently 44 years old.

11.    I do not maintain any property in New York, including any offices.

12.    I do not believe I maintain any bank accounts in New York.

13.    I do not employ any individuals or agents in New York.

14.    I do not solicit business with any individuals or agents in New York.

15.    I do not recall ever telephoning any individuals or businesses in New York, and I do not recall ever sending U.S. mail or email to any individuals or businesses in New York.


Signed under the pains and penalties of perjury this 5th day of September 2008.

Ann Zack