UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL INDIAN RAJ INTERNATIONAL CORPORATION,<br><br>                  Plaintiff,<br><br>     v.<br><br>DOMAINS BY PROXY, INC.,<br>WESTHOST, INC.,<br>BILL ZACK,<br>ANN ZACK,<br>DIRECT INFORMATION PVT LTD. (d/b/a DIRECTI)<br>PIRADIUS NET, and<br>JOHN DOES 1-7<br><br>                  Defendants | 08-cv-03445<br><br>Hon. John G. Koeltl<br><br>**DEFENDANT, WILLIAM ZACK'S, AMENDED COUNTERCLAIM** |

NOW COMES the defendant, William Zack, by and through his attorneys, Cleveland, Waters and Bass, P.A., and counterclaims against the plaintiff as follows:

1.  Your defendant/counterclaim plaintiff ("Mr. Zack") is an investor in the plaintiff, Royal Indian Raj International Corporation ("RIRIC"). Mr. Zack has also loaned money to RIRIC.

2.  Specifically, Mr. Zack's first investment occurred in August of 2000 in the amount of $50,000.

3.  Subsequently, in April of 2004, RIRIC's principal, Manoj Benjamin, told Mr. Zack that he was preparing RIRIC to be listed on a senior United Kingdom stock exchange. This was conveyed orally (via telephone) and in writing to Mr. Zack while Mr. Zack was in Atlanta (or while Mr. Zack was traveling with

1

the Atlanta Braves). Mr. Benjamin was in London at the time. Mr. Benjamin continued to make similar statements in further conversations with Mr. Zack.

4. At the same time, in the same manner, and under the same circumstances, Mr. Benjamin informed Mr. Zack that RIRIC was well financed, as it had access to a $547-million equity line of credit from Global Emerging Markets. Mr. Benjamin continued to make similar statements in further conversations with Mr. Zack.

5. At the same time, in the same manner, and under the same circumstances, Mr. Benjamin told Mr. Zack that RIRIC owned 3,000 acres of land near the proposed new Bangalore International Airport and that the company planned to build India's first "smart city" on that site, a $3-billion project. Mr. Benjamin continued to make similar statements in further conversations with Mr. Zack.

6. These statements were also made by Mr. Benjamin in emails to RIRIC investors, to newspaper reporters, and in general written statements released by RIRIC.

7. To date, RIRIC has not been listed on any stock exchange and Mr. Benjamin's statements in this regard were false.

8. Contrary to Mr. Benjamin's and RIRIC's representations, RIRIC did not, and never has, had access to a

$547-million equity line of credit from Global Emerging Markets or to any equity line of credit from any lending institution in any significant amount.

9. Contrary to Mr. Benjamin's and RIRIC's representations, RIRIC did not and does not own 3,000 acres of land near the proposed new Bangalore International Airport or anywhere else in India.

10. RIRIC also failed to disclose the following material facts in connection with RIRIC's April, 2004 sale of securities (see paragraph 13) to Mr. Zack:

    (a) That Mr. Benjamin had previously declared bankruptcy;

    (b) That Mr. Benjamin had previously been investigated for defrauding investors; and

    (c) That a company in which Mr. Benjamin was a principal (and/or was involved in the management of) had failed while Mr. Benjamin was launching RIRIC.

11. Mr. Benjamin and RIRIC purposefully made the false statements described above to induce Mr. Zack and others to invest monies in RIRIC.

12. Mr. Benjamin purposefully failed to disclose the above-referenced material facts to avoid creating concern in potential investors, including Mr. Zack, regarding their purchase of securities in RIRIC.

13. Relying upon Mr. Benjamin's and RIRIC's representations, and not knowing the material facts the RIRIC failed to disclose, in April of 2004 Mr. Zack invested an additional $150,000 in RIRIC.

14. Mr. Benjamin made the above described false statements knowing they were false, and with the intent to deceive, manipulate and defraud Mr. Zack.

15. As a result, Mr. Zack has suffered damages, including the loss of his $150,000 investment.

16. In September of 2005, Mr. Benjamin again approached Mr. Zack seeking further investment in RIRIC.

17. On September 23, 2005, Mr. Zack paid an additional $113,097.94 to RIRIC.

18. In exchange for these funds, RIRIC agreed to provide Mr. Zack with 15,079 shares of stock.

19. In exchange for this payment RIRIC agreed it would return Mr. Zack's investment on a "best efforts basis" within six (6) months.

20. RIRIC further agreed that if it was unable to return Mr. Zack's principal investment within six (6) months, it would be returned to him within two (2) years.

21. All of these agreements were reflected in a written document, signed by RIRIC.[1]

22. To date, RIRIC has not paid any funds to Mr. Zack, thus breaching its agreement to repay.

23. As a result of such breach, Mr. Zack has suffered damages, including the loss of monies provided to RIRIC.

**COUNT I – VIOLATION OF THE SECURITIES AND EXCHANGE ACT OF 1934**

24. Paragraphs 1 through 23 are incorporated by reference in this Count I.

25. RIRIC sold securities to Mr. Zack.

26. In connection with the sale of those securities, RIRIC through its principal, Manoj Benjamin, made misstatements of fact and omissions of material fact.

27. Mr. Zack relied upon these misstatements. Moreover, had Mr. Zack been told the truth, as well as the omitted material facts, he would not have purchased RIRIC securities. Mr. Zack's reliance upon these misstatements and omissions caused him injury in the form of loss of his investment and otherwise.

28. RIRIC's and Mr. Benjamin's conduct constitutes a violation of Section 10B of the Securities Exchange Act of 1934

---

[1] Mr. Zack has seen the signed document; however, and despite demand, it was not provided to him.

5

(15 U.S.C. §78j(b), and Rule 10B-5 promulgated thereunder (17 C.F.R. §240.10b-5)).

29. Accordingly, Mr. Zack is entitled to recover damages, including, but not limited to, his investment, interest thereon, attorneys' fees, and punitive damages as against RIRIC, in an amount within the jurisdictional limits of this Court.

### COUNT II – BREACH OF CONTRACT

30. Paragraphs 1 through 29 are incorporated by reference in this Count II.

31. Mr. Zack paid money to RIRIC based upon RIRIC's promise to repay same.

32. RIRIC's agreement in this regard was reduced a written document.

33. In breach and violation of the terms of its agreement, RIRIC has failed to repay monies advanced.

34. As a result of such breach, Mr. Zack has suffered damages, including, but not limited to, the loss of monies paid to RIRIC, interest thereon, attorneys' fees, punitive damages and other costs and damages in an amount within the jurisdictional limits of this Court.

### COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

35. Paragraphs 1 through 34 are incorporated by reference in this Count III.

36. RIRIC accepted a valuable benefit from Mr. Zack in the form of Mr. Zack's investment in, and funds provided to, RIRIC.

37. RIRIC, in contradiction of law, has refused to compensate Mr. Zack for the provision of this valuable benefit.

38. It would be unjust and unconscionable to allow RIRIC to receive this valuable benefit without compensating Mr. Zack for same.

39. As a result, Mr. Zack is entitled to recover from RIRIC under the equitable theories of quantum meruit and unjust enrichment.

WHEREFORE Mr Zack prays and requests this Honorable Court:

A. Dismiss the plaintiff's claims;

B. Award him judgment on this counterclaim; and

C. Grant such other relief as is just.

                                        Respectfully submitted

                                        WILLIAM ZACK
                                        By and through his Attorneys,
                                        CLEVELAND, WATERS AND BASS, P.A.

Date: September 5, 2008       By:  /s/ William B. Pribis
                                               William B. Pribis
                                             Two Capital Plaza
                                             P. O. Box 1137
                                             Concord, NH 03302-1137
                                             Tel. No. (603) 224-7761
                                             Fax. No. (603) 224-6457
                                             E-mail   pribisw@cwbpa.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been forwarded this 5th day of September, 2008 to Matthew David Brozik, Esquire.

                                                /s/ William B. Pribis
                                                William B. Pribis