**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————————————

**ROYAL INDIAN RAJ INTERNATIONAL**
**CORPORATION,**

                         **Plaintiff,**                    **08 Civ. 3445(JGK)**

            **- against -**

**DOMAINS BY PROXY, INC., et al.,**                    <u>**MEMORANDUM OPINION AND**</u>
                                                              <u>**ORDER**</u>
                         **Defendant.**

————————————————————————————————

**JOHN G. KOELTL, District Judge:**

        The defendant has filed a motion to enforce a settlement
agreement and a motion for attorneys' fees or other sanctions.
The plaintiff's time to respond has passed, and the plaintiff
has not filed a response. The Court therefore decides the
motions based on the papers submitted to the Court to date.


                                    I.


        On April 8, 2008, the plaintiff, Royal Indian Raj
International Corporation, filed this action against the
defendants Domains by Proxy, Inc., WestHost, Inc., William Zack,
Ann Zack, Direct Information PVT Ltd., Piradius Net, and John
Does 1-7, alleging injurious falsehood and tortious interference

with prospective contractual relations based on actions
allegedly arising from defendant William Zack's creation of a
website and former employment with the plaintiff corporation.
On April 24, 2008, the plaintiff voluntarily dismissed Domains
by Proxy, Inc., and WestHost, Inc. as defendants and submitted
an amended complaint on July 9, 2008, adding new claims of
defamation by implication, theft of confidential information,
breach of duty of good faith and loyalty towards employer and
violations of 18 U.S.C. § 1030.  On September 5, 2008, the
defendant, William Zack, counterclaimed against the plaintiff
for violation of the Securities and Exchange Act of 1934, breach
of contract, and quantam meruit/ unjust enrichment.

On October 13, 2009, Einbinder and Dunn, LLP moved to
withdraw as attorney for the plaintiff.  The Court granted the
motion on December 4, 2009 and gave the plaintiff thirty days to
appear by new counsel.

By March 1, 2010, the plaintiff had not appeared by new
counsel and on March 16, 2010, the defendant, William Zack,
filed an order to show cause for a default judgment on the
defendant's counterclaims.  On April 28, 2010, represented by
new counsel, Diane McFadin, the plaintiff submitted filings in
opposition to the motion for default judgment.  The Court
thereafter vacated the default against the plaintiff, denied the

2

order to show cause for a default judgment and referred the case

to Magistrate Judge John C. Francis IV. Royal Indian Raj Int.,

Corp. v. Domains by Proxy, Inc., No. 08 Civ. 3445 (S.D.N.Y. June

11, 2010)(Order of Reference to a Magistrate Judge).

On September 13, 2010, a settlement conference was held

before Magistrate Judge Francis.  The terms of the settlement

were agreed to in open court by both parties. See Settlement

Conference Tr. Sept. 13, 2010 ("Settlement Tr.")at 3:18-3:24.

The conference was attended by the principal of the plaintiff,

the individual defendant William Zack, and the lawyers for both

parties.  The oral agreement in court was to be followed by a

written settlement agreement by the parties. Id. at 2:12-2:13.

Following the settlement conference, on September 15, 2010,

the defendant drafted a written settlement agreement based on

the terms set out in court and sent it to the plaintiff for

review.  (Def. Motion Ex. A.)  On September 17, 2010, counsel

for the plaintiff sent the defendant an e-mail stating that her

client had not yet reviewed the settlement agreement.  (Def.

Motion Ex. B.)  On September 22, 2010, the plaintiff's attorney

indicated that the plaintiff wanted to make changes to the

letters to be attached to the agreement.  (Def. Motion Ex. C.)

The plaintiff's attorney also requested additional

acknowledgements from the defendant and expressed the need to

3

talk to her client more about other aspects of the agreement. Id.  All of the changes were either additional or different from the terms agreed to in open court and the attorney for the defendant warned the plaintiff's attorney of her duty to proceed in good faith and his obligation to file pleadings to enforce the agreement or for sanctions.  Cf. (Def. Motion Ex. C), (Settlement Tr. at 2-3.)  Between September 24, 2010 and September 29, 2010, the parties' attorneys exchanged more emails regarding which terms were agreed to in court and decided to obtain a transcript because the plaintiff had become unclear about the obligations to which the defendant had consented. (Def. Motion Ex. D.)  On Wednesday, October 13, 2010, when the settlement still had not been finalized, the attorney for the defendant indicated his intent to file pleadings by that Friday if the settlement papers had not yet been signed.  (Def. Motion Ex. E.)  Later that day, counsel for the plaintiff sent an edited copy of the settlement agreement to the defendant for review.  (Def. Motion Ex. F.)  The defendant's attorney replied that the changes were acceptable, that he and his client would sign the agreement, and that the principal of the plaintiff and his attorney should do the same.  (Def. Motion Ex. G.)  Counsel for the plaintiff, however, then indicated that there were more edits to propose to one of the letters.  (Def. Motion Ex. H.)

4

On October 21, 2010, the plaintiff's counsel proposed an additional edit, to which the defendant's attorney agreed. (Def. Motion Ex. I.)  The defendant now argues that the parties agreed to the terms of the settlement in open court and then agreed to the actual written document.  The plaintiff has not submitted papers in response.

On November 25, 2010, Diane McFadin submitted a motion to withdraw as attorney for the plaintiff. The Court granted this motion on May 11, 2011, ordered the plaintiff to appear by new counsel by June 3, 2011, and directed the defendant to file any motions by June 10, 2011.  The plaintiff has not appeared by new counsel.

By motion dated June 23, 2011, the defendant advised the Court that the plaintiff has not responded to the pending motion to enforce the settlement agreement and asked that the Court decide this motion based on the papers submitted.

## II.

The defendant requests that the Court enforce the Settlement Agreement, signed by the defendant and his attorney,

and annexed to the motion as exhibit J.  The Settlement
Agreement is materially similar to the terms laid out by Judge
Francis. <u>Cf.</u> (Def. Motion Ex. J); (Settlement Tr. at 2-3.)  In
essence, the settlement provided that the plaintiff would pay
the defendant William Zack $120,000 in four separate
installments ending on June 1, 2011.  There was to be a mutual
non-disparagement agreement and the defendant was to provide two
letters explaining the resolution of the dispute.  There was a
notice and cure provision if any payment was late.  The proposed
judgment was to settle the entire lawsuit.  The Settlement
Agreement also reflects all of the changes proposed by the
plaintiff to which the defendant agreed.  <u>See</u> (Def. Motion Exs.
F, G, I, J.)

     The plaintiff's counsel had the authority to agree to the
Settlement Agreement.  The relationship between a lawyer and
client is one of agent and principal.  <u>United States v.
International Bhd. of Teamsters</u>, 986 F.2d 15, 20 (2d Cir. 1993).
The decision to settle a case rests with the client, and a
client does not automatically bestow the authority to settle a
case on retained counsel.  <u>Fennell v. TLB Kent Co.</u>, 865 F.2d
498, 501-02 (2d Cir. 1989).  Nonetheless, an attorney's actual
authority "may be inferred from words or conduct which the
principal has reason to know indicates to the agent that he is

to do the act." International Bhd., 986 F.2d at 20; see also
Figueroa v. City of New York, No. 05 Civ. 9594, 2011 WL 309061
at *4(S.D.N.Y. Feb. 1, 2011).  Here, the plaintiff explicitly
agreed to the terms of the settlement in open court, and the
Court indicated that, following the conference, the parties
would memorialize those terms in writing.  See Settlement Tr. at
3:12, 3:24.  The document to which Ms. McFadin agreed was
materially similar to those terms expressed orally and
therefore, since the principal of the plaintiff was at the
settlement conference, he was aware of all material terms to
which his attorney was agreeing.

Moreover, it is clear that the agreement is enforceable
because Ms. McFadin had apparent authority to agree to the
settlement agreement.  "The doctrine of apparent authority comes
into play when a party . . . reasonably believes that another
party . . . has delegated authority to enter into an agreement
on its behalf to an agent. . . ." Trustees of UIU Health &
Welfare Fund v. New York Flame Proofing Co., Inc., 828 F.2d 79,
83-84 (2d Cir. 1987).  In this case, the parties were referred
to the Magistrate Judge for settlement purposes.  Pursuant to
that referral, the Magistrate Judge conducted a settlement
conference at which the plaintiff was present.  At the
conference, the Magistrate Judge indicated that the oral

7

agreement would be followed by a written settlement.  The
plaintiff's principal agreed in open court and was aware that
the attorneys for the parties would be drafting a written
settlement agreement thereafter.  Accordingly, Ms. McFadin had
apparent authority to settle the suit on the plaintiff's behalf.
The terms embodied in the Settlement Agreement are therefore a
binding contract between the parties.


                               III.


        The defendant seeks sanctions based on the inherent power
of the court.  This motion has also not been opposed.

        Federal courts have "inherent 'equitable powers of courts
of law over their own process, to prevent abuses, oppression,
and injustices,'" International Prods. Corp. v. Koons, 325 F.2d
403, 408 (2d Cir. 1963) (quoting Gumbel v. Pitkin, 124 U.S. 131,
144 (1888)); see also Schlaifer Nance & Co., Inc. v. Estate of
Warhol, 742 F. Supp. 165, 166 (S.D.N.Y. 1990) (quoting Koons).
Courts may impose sanctions and rely upon their inherent
authority even "where the conduct at issue is not covered by one
of the other sanctioning provisions." Chambers v. NASCO, Inc.,

501 U.S. 32, 50 (1991).  Moreover, a district court may resort to its "inherent power to fashion sanctions, even in situations similar or identical to those contemplated by [a] statute or rule." <u>DLC Mgmt. Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 136 (2d Cir. 1998)(citing <u>Chambers</u>); <u>see also</u> <u>Pure Power Boot Camp v. Warrior Fitness Boot Camp</u>, 587 F. Supp. 2d 548, 568 (S.D.N.Y. 2008).

The Court of Appeals for the Second Circuit "has always required a particularized showing of bad faith to justify the use of the court's inherent power." <u>United States v. International Bhd. of Teamsters, Chauffers, Warehousemen and Helpers of Am., AFL-CIO</u>, 948 F.2d 1338, 1345 (2d Cir. 1991). The chronology of the plaintiff's actions indicates that the plaintiff has proceeded in bad faith.

In his Motion for Attorneys' Fees or Other Sanctions, the defendant asserts that the plaintiff brought this litigation as a way to impose costs, burden and harassment on the defendant and his wife, and as an excuse to its investors for non-performance.  Among the activities pursued by the plaintiff was a motion for a preliminary injunction which, after requiring the defendant and his counsel to travel to New York for a hearing thereon, the plaintiff withdrew. Moreover, the plaintiff initially sued William Zack's wife, Ann Zack.  However, after

9

the defendant's counsel prepared and submitted a motion to dismiss Ann Zack for lack of personal jurisdiction, the plaintiff did not oppose that motion.  The plaintiff did not file any Rule 26(a) disclosures as required by both the Federal Rules of Civil Procedure and the discovery plan, and never took any depositions in this case.  The defendant asserts that the plaintiff refused to communicate with its initial counsel to the point where that counsel was forced to withdraw.  Then, when instructed by this Court that it needed to appear by new counsel by a certain date, the plaintiff did not do so and instead waited until after the defendant had prepared the pleadings necessary to obtain a final judgment for failure to abide by the Court's orders.  Furthermore, after agreeing to a settlement agreement in open court, the plaintiff refused to cooperate in the execution of a written settlement agreement.  The defendant alleges that the lack of serious effort in prosecuting this case indicates that the action was brought in bad faith.   Most recently, the plaintiff failed to appear by new counsel by June 3, 2011, as ordered by this Court, which would subject the plaintiff to a default judgment on its claim, and a judgment against it on the counterclaims.  Moreover, the plaintiff has failed to oppose the request for sanctions.  The pattern of the

plaintiff's conduct indicates that this action was pursued in
bad faith.  Accordingly, the plaintiff is subject to sanctions.

The defendant seeks attorneys' fees incurred in the case or
alternatively attorneys' fees for having to seek enforcement of
the Settlement Agreement to be paid by the plaintiff.[1]

A court must exercise "restraint and discretion" when
invoking its inherent power.  Chambers, 501 U.S. at 44.  Given
the defendant's substantial recovery and the dismissal of the
plaintiff's case, as well as the fact that the plaintiff did not
oppose the motion for sanctions, the attorneys' fees for the
current motions are a sufficient sanction.  See Chambers, 501
U.S. at 45 ("[O]utright dismissal of a lawsuit . . . is within
the court's discretion.  Consequently, the 'less severe
sanction' of an assessment of attorney's fees is undoubtedly
within a courts inherent power. . . ." (citations omitted)); see
also Hutto v. Finley, 437 U.S. 678, 689 n. 14 (1978); Grand St.
Realty v. J. Mccord, No. 04 Civ. 4738, 2005 WL 2436214 at *4
(E.D.N.Y. Sept. 30, 2005).  The defendant should submit post-
judgment papers with an affidavit detailing the reasonable

---

[1] The defendant originally brought this Motion for Attorneys' Fees or Other
Sanctions against both the plaintiff and the plaintiff's counsel, however, on
December 2, 2010, in a letter to the court, the defendant advised the court
that, upon learning of Diane McFadin's motion to withdraw as attorney, the
plaintiff no longer sought attorneys' fees or sanctions against the
plaintiff's counsel.

attorneys' fees associated with the current motions. <u>See</u> Fed. R. Civ. P. 54(d)(2).

The Court will enter judgment in accordance with the Settlement Agreement. Because the payment dates have already occurred and the plaintiff has not paid those sums that were agreed to, the plaintiff must now pay the $120,000 agreed to in the settlement.[2]

## CONCLUSION

For the reasons explained above, the plaintiff, Royal Indian Raj International Corporation, and the defendant William Zack, are ordered to comply with the Settlement Agreement, attached as Exhibit J to the Motion to Enforce Settlement Agreement dated November 12, 2010, except that the plaintiff Royal Indian Raj International Corporation is ordered to pay the defendant William Zack $120,000 forthwith rather than in installment payments. The clerk is directed to enter judgment in favor of the defendant William Zack and against the plaintiff

---

[2] The Settlement Agreement is only between the plaintiff and defendant William Zack. To the extent any defendants other than William Zack have not been dismissed from this litigation, the claims against them are dismissed without prejudice for failure to prosecute.

Royal Indian Raj International Corporation, and to close this case. The claims against any other remaining defendants other than William Zack are dismissed without prejudice. Within fourteen days, defendant William Zack may submit an application for attorney's fees and costs of the motion to enforce the Settlement Agreement. The clerk is directed to close all pending motions.

SO ORDERED.

Dated:    New York, New York
          July 20, 2011

                                        John G. Koeltl
                                   United States District Judge

13